CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 11 2016
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 7:11CR00039-06 |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TRAVIS LEE JONES, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Defendant Travis Lee Jones has filed a motion for reduction of sentence based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, the motion must be denied.

### Background

On September 14, 2011, Jones entered a plea of guilty to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. Prior to sentencing, the probation officer prepared a presentence report, which designated Jones as a career offender under § 4B1.1 of the Sentencing Guidelines, and calculated the applicable guideline range based on that provision. At the time of sentencing, the court adopted the presentence report and found that Jones qualified as a career offender. In light of the career offender designation, the guideline range of imprisonment was 262 to 327 months. The court departed from that range and imposed a 240-month sentence.

In 2015, the government moved to reduce Jones's sentence for substantial assistance, pursuant to Federal Rule of Criminal Procedure 35(b). The court granted the motion and reduced Jones's term of imprisonment to 180 months.

Jones now seeks a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which generally reduced the base offense levels applicable to drug offenses under

§ 2D1.1 of the Guidelines by two levels. The court previously issued a notice advising Jones that he may not be eligible for a reduction because of his designation as a career offender under § 4B1.1. The motion is now ripe for disposition.

### Discussion

A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c). United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Sentencing Guidelines. Dillon v. United States, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).

In this case, Jones's applicable guideline range was his career offender range of 262 to 327 months, which was derived from § 4B1.1 of the Sentencing Guidelines. As other courts have previously explained, "Amendment 782 amended § 2D1.1" of the Guidelines; it "did not lower the sentencing range established for a career offender by § 4B1.1." United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014); see also United States v. Avent, 633 F. App'x 176 (4th Cir. 2016)

2

("Amendment 782 is not applicable to sentences . . . derived from the career offender provisions in the Sentencing Guidelines."); United States v. Miller, 632 F. App'x 609 n.1 (11th Cir. 2016) ("Amendment 782 . . . does not affect any of the Guidelines' career offender provisions."). Therefore, Jones's applicable guideline range was not affected by Amendment 782. Although the court departed from that range at sentencing, "the 'applicable guideline range' remains the original pre-departure range." United States v. Webb, 760 F.3d 513, 520 (6th Cir. 2014). Because that range has not been lowered by any retroactively applicable amendments to the Sentencing Guidelines, Jones is not eligible for a sentence reduction under § 3582(c)(2). See United States v. Hall, 627 F. App'x 266 (4th Cir. 2016) ("[B]ecause Hall was sentenced as a career offender (a Guidelines range from which the district court departed downward at sentencing), Amendment 782 did not lower his applicable Guidelines range, and he is therefore not eligible for a sentence reduction."); United States v. Rinaldi, 623 F. App'x 579, 581 (3d Cir. 2015) ("Rinaldi's applicable guideline range is the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance.") (internal citation and quotation marks omitted).

Finally, the court notes that the fact that Jones recently benefitted from a Rule 35(b) motion is of no consequence in the instant proceeding. Unlike cases involving mandatory minimum sentences and substantial assistance, the court is not authorized to ignore a defendant's career offender status in determining whether the defendant is eligible for a sentence reduction based on an amendment to the Sentencing Guidelines. See U.S.S.G. § 1B1.10(c) (clarifying that, in "cases involving mandatory minimum sentences and substantial assistance," the amended guideline range shall be determined "without regard to" the mandatory minimum). While this may seem unfair, the court is "not at liberty to disregard the Sentencing Commission's clearly

3

expressed policy choices." United States v. Forrest, 402 F.3d 678, 689 (6th Cir. 2005); see also United States v. Dunphy, 551 F.3d 247, 250 (4th Cir. 2009) (recognizing that "the Commission's policy statements implementing the statute's authorization of retroactive sentence reductions are binding"). Unless and until the Sentencing Commission affords similar treatment to career offenders who provided substantial assistance to the government, or otherwise amends the Guidelines applicable to career offenders, the court will not have the authority to reduce Jones's sentence under § 3582(c)(2). See, e.g., United States v. Ballew, 619 F. App'x 985, 986 (11th Cir. 2015) (rejecting a career offender's argument that the district court's downward variance based on his substantial assistance meant that he was eligible for a reduced sentence under Amendment 782); United States v. Jay, No. 3:11-375, 2016 U.S. Dist. LEXIS 57755, at *2 (D.S.C. May 2, 2016) (holding that a career offender who received a Rule 35 reduction was not entitled to a further reduction based on Amendment 782).

For all of these reasons, Jones's motion for reduction of sentence under § 3582(c)(2) must be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 11th day of May, 2016.

                                                                                     _____
                                                                                     Chief United States District Judge