## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 7:11CR00039-006 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **TRAVIS LEE JONES,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Rachel Barish Swartz, Assistant United States Attorney, Roanoke, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

Defendant Travis Lee Jones, sentenced by the late District Judge Glen E. Conrad on December 12, 2011, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018).  He contends that if he were sentenced today, he would receive a significantly shorter period of imprisonment than that which he is currently serving.  He further contends that his inability to receive a necessary medical procedure while incarcerated due to the Covid-19 pandemic constitutes an extraordinary and compelling reason for a sentence reduction.  For the reasons that follow, I will grant the motion.

I.

In 2019, Judge Conrad summarized the procedural history of Jones' case as

follows:

> On May 26, 2011, a grand jury in the Western District of Virginia returned a multi-count indictment against Jones.  Count One of the indictment charged the defendant with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846.  On September 14, 2011, Jones entered a plea of guilty to that count.
>
> Prior to sentencing, a probation officer prepared a presentence investigation report ("PSR").  In the PSR, the probation officer attributed between 1.5 and 5 kilograms of methamphetamine to the defendant.  That particular drug quantity and type resulted in a base offense level of 34 under United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c) (2010).  With a two-level enhancement for possession of a firearm, a three-level reduction for acceptance of responsibility, and a criminal history category of VI, Jones' guideline range would have been 235 to 293 months of imprisonment.  However, Jones was also found to be a career offender under U.S.S.G. § 4B1.1.  As a result of the career offender designation, the base offense level calculated under § 2D1.1 was superseded by the higher offense level determined by the career offender provision.  *See* U.S.S.G. § 4B1.1(b) (providing that "the offense level from the table in this subsection shall apply" if it "is greater than the offense level otherwise applicable").  Application of the career offender provision ultimately resulted in a total offense level of 34 and an advisory guideline range of imprisonment of 262 to 327 months.
>
> Jones appeared for sentencing on December 12, 2011.  At that time, the court adopted the PSR in its entirety, including the determination that the defendant qualified for sentencing under the career offender provision of the Guidelines.  However, the court found that the career offender designation overstated Jones' actual criminal history.  Accordingly, the court departed downward to a total offense level of 33, which produced a post-departure range of 235 to 293

months' imprisonment.  The court ultimately sentenced the defendant to a term of imprisonment of 240 months.

In 2015, the government moved to reduce Jones' sentence for substantial assistance, pursuant to Federal Rule of Criminal Procedure 35(b).  The court granted the motion and reduced the defendant's term of imprisonment to 180 months.

In January of 2015, Jones filed a *pro se* motion for reduction of sentence under 18 U.S.C. § 3582(c)(2).  This statute authorizes the court to reduce a defendant's term of imprisonment if the term was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The defendant relied on Amendment 782 to the Sentencing Guidelines, which reduced the base offense levels assigned to most drug quantities in § 2D 1.1 by two levels.  Counsel subsequently filed a brief in support of the defendant's motion.

On May 11, 2016, the court denied the defendant's motion for reduction of sentence. The court determined that the defendant was not eligible for relief under § 3582(c)(2), since his guideline range as a career offender was not affected by Amendment 782.  The court's decision was affirmed on appeal by the United States Court of Appeals for the Fourth Circuit.  *See United States v. Jones*, No. 16-6667 (4th Cir. July 20, 2017) (affirming for the reasons stated by the district court).

*United States v. Jones*, No. 7:11CR00039, 2019 WL 1559023, at *1–2 (W.D. Va. Apr. 10, 2019), *aff'd*, 797 F. App'x 794 (4th Cir. 2020) (unpublished).  Jones then filed a second motion for reduction of sentence based on Amendment 782 and *Hughes v. United States*, 138 S. Ct. 1765 (2018).  Judge Conrad denied that motion as well, finding *Hughes* inapplicable.  2019 WL 1559023 at *3.  The Fourth Circuit affirmed.

A few months after Judge Conrad issued his last opinion in this case, the Fourth Circuit decided *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019). There, the court held that conspiracy to distribute a controlled substance is not categorically a "controlled substance offense[ ]" for purposes of the career offender sentencing enhancement. *Id.* at 239. Therefore, were Jones sentenced today, he would not be sentenced as a career offender[1] and he would receive the benefit of Amendment 782. Today, his base offense level would be 32 (instead of 34), his total offense level would be 31 (instead of 33), his criminal history category would remain VI, and his guidelines range would be 188–235 months.

Judge Conrad sentenced Jones to near the low end of what his guidelines range would have been had he not been a career offender, and then reduced his sentence by 25% based on his substantial assistance. He is thus currently serving a sentence of 180 months. Jones suggests that I should reduce his sentence to 25% below the low end of the guideline range that would be applicable today, taking into account Amendment 782. That calculation would produce a sentence of 144 months. He has already served more than 122 months, not accounting for any good time credit earned. He asks that his sentence be reduced to time served, which is about eight

---

[1] Jones' prior Virginia offenses of breaking and entering would not qualify as career offender predicates either. *See Castendet-Lewis v. Sessions*, 855 F.3d 253, 261–62 (4th Cir. 2017) (holding that Virginia statutory burglary is not categorically an aggravated felony for purposes of the Immigration and Nationality Act).

months less than his calculated appropriate sentence of 144 months.  Jones' present projected release date is January 25, 2024.

Jones also offers a second extraordinary and compelling reason justifying a sentence reduction.  In late 2019, a doctor recommended surgery to correct a painful inguinal hernia.  Because of the Covid-19 pandemic, however, the Bureau of Prisons (BOP) suspended all non-emergency medical procedures.  He still has not undergone surgery for this condition.  He will have to begin again the process of obtaining approval for the surgery, and there is no plan in place for him to receive it.

In its response in opposition, the government does not address the applicability of Amendment 782.  Instead, it relies on the fact that Judge Conrad did not sentence Jones as a career offender and urges me to find that the *Norman* decision does not warrant relief.   The government further contends (without evidence) that the BOP should be able to offer Jones surgery in the near future.

## II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018.  Although I may not reduce Jones' sentence pursuant to a non-

retroactive change in sentencing law, the Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant, including the length and disparateness of the sentence.  The government contends that *McCoy* was wrongly decided, but it is controlling precedent that I am bound to follow.

I find that the disparate severity of Jones' sentence — three years longer than the sentence he would likely receive today — is an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A).  Although Judge Conrad departed downward from the career offender guidelines range, Jones' status as a career offender prevented him from receiving a two-level reduction based on Amendment 782.  Three years represents 20% of his current 180-month sentence of imprisonment, and I conclude that it is a significant disparity.

Jones' current inability to obtain necessary surgery while incarcerated also presents an extraordinary and compelling reason for a sentence reduction.  While the government may be optimistic about the BOP's resumption of non-emergency medical procedures in the near future, the current course of the pandemic makes that prediction questionable.  Jones has already suffered with a painful inguinal hernia for more than two years, and he will likely be able to undergo surgery much more quickly once he is no longer incarcerated.

The government correctly notes, however, that these reasons alone are not enough to warrant reducing Jones' sentence.  I must "reconsider[] the § 3553(a) factors" to determine whether the sentence remains no greater than necessary to meet § 3553(a)'s goals "in view of the extraordinary and compelling circumstances." *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021).  I find based on Jones' history and characteristics that his current sentence is greater than necessary to serve the statutory purposes and that a lesser time in prison would afford adequate deterrence and protect the public.

Remarkably, Jones has not had a single disciplinary infraction in his ten years of incarceration.  He has worked the entire time he has been in prison and has completed numerous courses of study.  He wrote a heart-felt letter to his community apologizing for the wide-ranging harm he caused through his drug dealing and sent it to the local newspaper for publication.  He prepared a detailed and well-thought-out release plan and has employment waiting for him upon his release.  While his offense conduct was serious, his record demonstrates that he is remorseful and has been rehabilitated by his ten years in custody.  The § 3553(a) factors — particularly factors (1), (2)(A), (2)(B), (2)(C), (2)(D), and (6) — support reducing Jones' sentence to 144 months.

III.

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), and for the reasons stated on behalf of the defendant, it is **ORDERED** as followed:

1. The defendant's motion, ECF No. 447, is GRANTED;

2. The defendant's previously imposed sentence of imprisonment is REDUCED to a total of 144 MONTHS, but not less than time served, consisting of 144 months on Count One, with all other provisions of the Amended Judgment entered June 30, 2015, to remain in effect, including the length and conditions of supervised release; and

3. The Clerk shall provide a copy of this Opinion and Order to the Probation Office, which Office shall provide a copy to the Bureau of Prisons.

ENTER:   August 17, 2021

/s/  JAMES P. JONES
United States District Judge